IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE EMILIO VALLECILLA CUERO,

                Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

                Respondent.

OPINION and ORDER

25-cv-585-jdp

---

Petitioner Jose Emilio Vallecilla Cuero, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, requesting an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to early release in January 2027. I previously denied a § 2241 petition brought by Vallecilla Cuero because this court could not consider his challenge to the final order of removal that prevents him from receiving First Step Act time credits. *Vallecilla Cuero v. Emmerich*, No. 24-cv-934-jdp, 2025 WL 1697185 (W.D. Wis. June 17, 2025). Now Vallecilla Cuero contends that this court's lack of jurisdiction violates his due process rights and the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Vallecilla Cuero's petition.

ANALYSIS

Vallecilla Cuero was paroled into the United States for federal prosecution in 2021 and is serving a term of incarceration for a federal crime. He is subject to a December 2024 expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Dkt. 1-1. That order states that Vallecilla Cuero is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he's a native and citizen of Colombia, he was paroled into the United States for criminal prosecution, and he lacks valid entry documentation. *Id.* Prisoners who are under a final order of removal are excluded from eligibility for First Step Act time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws").

Vallecilla Cuero contends that the order of removal is void because he isn't an "alien" as that term is defined in § 1225(b)(1), so he should receive the time credits. I previously concluded that this district court couldn't consider that argument because generally only the court of appeals has jurisdiction to review final orders of removal, 8 U.S.C. § 1252(a)(5), with the only exceptions not applying to Vallecilla Cuero's claims. *Vallecilla Cuero*, No. 24-cv-934-jdp, 2025 WL 1697185, at *2.

Vallecilla Cuero now argues that Congress's decision to vest jurisdiction in the court of appeals violates his right to due process as well as the Suspension Clause. I have repeatedly rejected this argument, stating that this court does not have jurisdiction to consider the issue, and I will do the same here. *See, e.g.*, *Calderon Lima v. Emmerich*, No. 24-cv-725-jdp, 2025 WL

2

1883850, at *2 (W.D. Wis. July 8, 2025) ("'[T]he REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals.'" (quoting *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020))). As with his first habeas petition, Vallecilla Cuero's current petition falls outside the limited exceptions to the court of appeals' exclusive jurisdiction to hear challenges to final orders of removal. So I must dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Jose Emilio Vallecilla Cuero's petition for writ of habeas corpus, Dkt. 1, is DISMISSED.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge